(June 26, 1986)

■ POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant, v KENNETH BOWEN et al., Respondents.—Casey, J. Appeal from that part of an order of the Supreme Court (Ingraham, J.), entered March 28, 1986 in Delaware County, which, after granting plaintiff's motion for a preliminary injunction, imposed certain limitations on the activities authorized by the injunction.

Plaintiff commenced this action for a permanent injunction after defendants obstructed plaintiff's attempts to enter their property for the purposes of conducting certain activities related to the preparation of the final design plans and the exercise of eminent domain in connection with the public project known as the Marcy-South 345 kV Transmission Facilities. Supreme Court initially denied plaintiff's motion for a preliminary injunction and ordered an immediate trial. Trial began but was not completed. Plaintiff renewed its application for a preliminary injunction and submitted a list of the activities to be undertaken on defendants' property, including surveying, inspecting and test boring. Supreme Court granted

a preliminary injunction specifically authorizing those activities, but imposed limitations as to the size of trees that could be cut, the use of track vehicles and the location of test borings. Plaintiff appeals, contending that the limitations effectively prevent the activities authorized in the injunction, rendering it a nullity.

We previously granted plaintiff's motion for a stay pending this appeal which had the effect of deleting the limitations, and we now modify Supreme Court's order to make that deletion permanent. Defendants' only objection is based upon their concern that plaintiff may commence actual construction of the project, but that issue is not before this court on the present appeal since the preliminary injunction in question is only concerned with surveying, inspecting and test-boring activities.

Order modified, on the law and the facts, without costs, by deleting the final decretal paragraph containing three limitations, and, as so modified, affirmed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.